# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**LONNIE BENEFIELD,**

    **Petitioner,**

**v.**                                                         **Civil Action No. 1:07cv124**
                                                                             **(Judge Keeley)**

**JOE DRIVER,**

    **Respondent.**

## ORDER GRANTING IN FORMA PAUPERIS BUT DIRECTING PETITIONER TO PAY THE $5.00 FILING FEE

On September 14, 2007, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. This case is before the undersigned on the petitioner's Motion to Proceed In Forma Pauperis and Prisoner Trust Account Report.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of *in forma pauperis* status pursuant to 28 U.S.C. § 1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request. In his affidavit, the petitioner asserts that he is employed by the institution at which he is incarcerated, but that he does not receive compensation from the institution. In addition, the petitioner asserts that he has no assets or other means of support.

However, although the ledger sheets for the petitioner's inmate account show that he does not receive compensation for any institutional employment he may have, the ledger sheets do show that the petitioner receives regular deposits from outside sources. In fact, during the six months preceding the filing of this action, the petitioner's prisoner account received average monthly

deposits of $134.16. Moreover, at the time this case was filed, the petitioner's inmate account had a balance of $50.12.

Accordingly, the Court finds that the petitioner is a pauper and **GRANTS** his motion (dckt. 3). However, because the petitioner has sufficient funds to pay the $5.00 filing fee, he will be required to pay that fee within **twenty (20) days** from the date of this Order. The failure to do so could result in the dismissal of this case without further notice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner.

DATED: October 11, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE