IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LONNIE BENEFIELD,**

      Petitioner,

  v.                                              Civil No. 1:07cv124
                                                      (Judge Keeley)

**JOE DRIVER, Warden,**

      Respondent.

**OPINION/REPORT AND RECOMMENDATION**

On September 14, 2007, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, a Memorandum in Support, and a Motion for Emergency Hearing. On October 22, 2007, the petitioner paid the required filing fee. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09, et seq.

### I. The Petition

According to the petition, the petitioner is an inmate at the Hazelton Penitentiary in Bruceton Mills, West Virginia, challenging the validity of a sentence imposed in the United States District Court for the District of Massachusetts. The petitioner attacks the validity of his sentence via a § 2241 petition arguing that his prison sentence is void because his Fifth and Sixth Amendment rights were violated. He further claims that supervised release constitutes double jeopardy when coupled with imprisonment and that his sentence his void based on the holding in United States v. Booker,

1

543 U.S. 2020, 233 (2005).[1] As relief, the petitioner seeks the return of lost Good Time Credits and his immediate release to a half-way house upon his 10% date.

## II. Analysis

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence. Further, the petitioner HAS applied for relief under 28 U.S.C. § 2255 in the sentencing court. See United States v. Benefield, 1:90cr10007 (D.Mass. 1990). Thus, it is clear that the petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as untimely or as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, the petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

---

[1] In Booker, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Additionally, the Court severed the unconstitutional provisions from the Sentencing Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

In addition, the petitioner's Booker and double jeopardy arguments are without merit. First, the petitioner claims that any sentence associated with the United States Sentencing Guidelines is per se void pursuant to Booker. However, under Fourth Circuit law, Booker is not applied retroactively to cases on collateral review and does not void the petitioner's sentence in this case. See United States v. Morris, 429 F.3d 65, 71 (4th Cir. 2005).

Finally, the petitioner claims supervised release in addition to a prison sentence is impermissible double jeopardy. The Double Jeopardy Clause, which ensures "total punishment [does] not exceed that authorized by the legislature," United States v. Bowe, 309 F.3d 234, 238 (4th Cir. 2002), is simply inapplicable to the petitioner's sentence that includes a period of supervised release authorized by statute. See 18 U.S.C. § 3583.

### III. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**. In light of this finding, the petitioner's Motion for Emergency Hearing (dckt. 5) is **DENIED as moot**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 24, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE