IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LONNIE BENEFIELD,**

    **Petitioner**

**v.**　　　　　　　　　　**CIVIL ACTION NO. 1:07cv124**
　　　　　　　　　　　　　　**(Judge Keeley)**

**JOE DRIVER, Warden,**

    **Respondent**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. Introduction

On September 14, 2007, Lonnie Benefield ("Benefield"), the pro se petitioner and an inmate at USP-Hazelton, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a Memorandum in Support, and a Motion for Emergency Hearing. In his petition, Benefield challenges the validity of his prison sentence on Fifth and Sixth Amendment grounds. Additionally, he asserts that his term of supervised release constitutes double jeopardy when coupled with his term of imprisonment and further argues that his sentence is void based on the holding in United States v. Booker, 543 U.S. 220, 233 (2005). Benefield seeks restoration of lost Good Time Credits and immediate release to a half-way house.

Pursuant to LR PL P 83.09 and Standing Order No. 2, Benefield's petition was referred to United States Magistrate Judge John S. Kaull, who, on October 24, 2007, issued a Report and Recommendation ("R&R") recommending that Benefield's petition be

denied and dismissed with prejudice. On November 6, 2007, Benefield filed timely objections to the R&R.

After conducting a <u>de novo</u> review of Magistrate Judge Kaull's R&R, the Court finds that Benefield's objections are without merit. Accordingly, for the reasons that follow, the court **ADOPTS** Magistrate Judge Kaull's R&R and **DISMISSES WITH PREJUDICE** Benefield's petition.

### II. <u>Magistrate Kaull's Report & Recommendation</u>

In his R&R, Magistrate Judge Kaull noted that Benefield had previously applied for, and was denied, relief under 28 U.S.C. § 2255. <u>See</u> <u>Benefield v. U.S.</u>, 1:95cv10279 (D.Mass 1995). That statute precludes petitioners who have previously applied for relief under § 2255 from filing another writ of habeas corpus unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (2008).

Magistrate Kaull found that the Fourth Circuit has established "that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective." <u>In re Vial</u>, 115 F.3d 1192,

1194 (4th Cir. 1997). The Fourth Circuit has further determined:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Magistrate Kaull determined that, because Benefield had previously filed a motion under § 2255 and "[t]here is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements," he was barred by 18 U.S.C. § 2255 from filing his § 2241 petition. R&R at 3.

Next, Magistrate Kaull determined that Benefield's Booker argument was meritless. Benefield claims that any sentence under the United States Sentencing Guidelines ("Sentencing Guidelines") is void due to Booker. However, Magistrate Kaull noted that "Booker is not applied retroactively to cases on collateral review and does not void the petitioner's sentence in this case." Id. (citing U.S. v. Morris, 429 F.3d 65, 71 (4th Cir. 2005)).

Finally, Magistrate Kaull determined that the petitioner's double jeopardy claim also lacked merit. Benefield's petition claims that supervised release in addition to a prison sentence is

3

impermissible double jeopardy. However, Magistrate Kaull found that the Double Jeopardy Clause was "simply inapplicable to the petitioner's sentence that includes a period of supervised release authorized by statute." Id. (citing 18 U.S.C. § 3583).

### III. __Benefield's Objections to Magistrate Kaull's R&R__

Benefield raises two objections to Magistrate Judge Kaull's R&R. First, Benefield claims that Judge Kaull failed to address the substance and merit of the petitioner's claim of illegal confinement. Benefield asserts that Magistrate Kaull's R&R is "far more form than substance and, in actuality, is nothing more than an attempt by the Magistrate to elude it's [sic] obligation of providing a proper response to the claims . . . ."

Second, Benefield claims that the Court erred in failing to correct his sentence. According to Benefield, "being charged under one statute and sentenced under another set of statutes has exposed the fact that 'Supervised Release' is not authorized to be tacted [sic] on to a sentence of imprisonment."

### IV. __Standard of Review__

The Court reviews de novo any portions of the magistrate judge's R&R to which a specific objection is made. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court may adopt, without explanation, any of the magistrate judge's recommendations to which

4

the prisoner does not object.  Id.  The Court need not conduct de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Farmer v. McBride, 177 F.Appx. 327, 330-31 (4th Cir. 2006) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

## V. Analysis

Although neither of Benefield's objections raises specific errors in Magistrate Kaull's R&R, the Court will address each issue de novo because objections raised by pro se litigants are to be read broadly.  See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982) ("[t]he fact that [the petitioner] was acting pro se should have encouraged the district court to read his objections broadly rather than in the narrow manner in which it did.").

**A. Petitioner's First Objection**

Benefield's first objection, that the magistrate failed to address the substance and merit of his claim of illegal confinement, is without merit because Benefield is barred by § 2255 from bringing additional claims.  Benefield has already filed a petition under § 2255 which was denied.  As stated in Magistrate Kaull's R&R, Benefield's § 2241 petition is statutorily barred unless it meets the Jones requirements for finding that § 2255 is

5

an inadequate or ineffective remedy.

Benefield's petition fails to satisfy the second <u>Jones</u> requirement and thus fails to established that § 2255 is an inadequate or ineffective remedy. <u>Jones</u> requires that "(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." <u>In re Jones</u>, 226 F.3d 328, 334 (4th Cir. 2000). Benefield's petition states that he was convicted under 18 U.S.C. § 922(g)(1), possession of a firearm in interstate commerce by a person convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and sentenced on October 23, 1990, under 18 U.S.C. § 924(e). Because there has been no change in the substantive law making such an act non-criminal, Benefield has improperly filed a § 2241 petition. <u>See</u> 18 U.S.C. § 922(g)(1) (2008).

**B. Petitioner's Second Objection**

Benefield's second objection, that the Court has failed to correct his illegal sentence, has no merit. As the first ground for asserting this objection, Benefield argues that the holding in <u>Booker</u> declared the Sentencing Guidelines, and all sentences imposed under that regime, unconstitutional. This is simply an incorrect reading of <u>Booker</u>. Furthermore, as Magistrate Kaull

indicated, "under Fourth Circuit law, <u>Booker</u> is not applied retroactively to cases on collateral review and does not void the petitioner's sentence in this case." <u>United States v. Morris</u>, 429 F.3d 65, 71 (4th Cir. 2005)).

As his second ground for asserting this objection, Benefield claims that double jeopardy precludes his serving a sentence of supervised release as well as a prison sentence. A term of supervised release, however, is authorized by 18 U.S.C. § 3583. 18 U.S.C. § 3583(a) (2008). As such, Benefield's supervised release does not exceed the punishment authorized by the legislature and does not place him in double jeopardy. <u>See</u> <u>U.S. v. Bowe</u>, 309 F.3d 234, 238 (4th Cir. 2002).

## VI. <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation and **DENIES and DISMISSES WITH PREJUDICE** Benefield's 28 U.S.C. § 2241 petition.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the petitioner, certified mail, return receipt requested.

Dated: June 25, 2008.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE